UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENETRA HUGHLEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:24-cv-01287-JMB |
| ELEVANCE HEALTH INC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court's records reflect that Plaintiff previously filed a closely related case in this District—*Hughley v. Elevance Health Inc.*, Case No. 4:24-cv-00977-RWS—which arises from the same employment relationship and alleged unlawful termination by Defendant Elevance Health Inc.[1]

Under Rule 42(a) of the Federal Rules of Civil Procedure, a district court has broad discretion to consolidate actions that involve a common question of law or fact. The Court may consolidate cases on its own motion when appropriate. *Bendzak v. Midland Nat'l Life Ins. Co.*, 240 F.R.D. 449, 450 (S.D. Iowa 2007) (cleaned up).

Here, both actions involve the same parties and stem from the same nucleus of operative fact—specifically, Plaintiff's employment and subsequent termination. Although not all of Plaintiff's legal theories are the same, their factual underpinnings are substantially identical. Consolidation is warranted to promote judicial economy, eliminate duplicative proceedings, and avoid the risk of inconsistent rulings. Accordingly, this case will be consolidated with *Hughley v.*

---

[1] The Court takes judicial notice of this related action. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (stating that a court may take judicial notice of its own records) (citations omitted).

*Elevance Health Inc.*, Case No. 4:24-cv-00977-RWS, for all further proceedings. *See* E.D. Mo. L.R. 4.03 ("[T]he consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case.").

Accordingly,

**IT IS HEREBY ORDERED** that this case is **CONSOLIDATED** with Case No. 4:24-cv-00977-RWS for all further proceedings.

**IT IS FURTHER ORDERED** that all future filings shall be made in Case No. 4:24-cv-00977-RWS.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **DENIED** as duplicative in light of the Court's previous grant of IFP in the lead case.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** as duplicative, in light of the Court's previous denial of the same motion in the lead case. The Court may entertain future motions for appointment of counsel as the case progresses.

**IT IS FINALLY ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY CLOSE** this case. This action remains active only under Case No. 4:24-cv-00977-RWS. The Court will issue a separate order in that case regarding the filing of a consolidated amended complaint to ensure clarity of the record.

Dated this 30th day of April, 2025.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE